IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-117-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES CALVIN BREEDEN | ) | |
| | ) | |

This matter is before the court on defendant's motion for release from custody pending appeal. (DE # 75.) Defendant represents that the government objects to the relief requested. (Id. at 2.)

In February 2020, a jury convicted defendant of (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924; (2) possession with intent to distribute 28 grams or more cocaine base and a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). In August 2020, the court sentenced defendant to a total term of 120 months imprisonment. Defendant timely filed a notice of appeal. Shortly thereafter, defendant filed the instant motion requesting that he be released while his appeal is pending because he has been in custody more than one year (the longest term of imprisonment he has ever served), he is needed at home to care for his children, and he is concerned about his health in a custodial setting due to the COVID-19 pandemic.

Having been found guilty of violating §§ 841(a)(1) and 924(c), been sentenced to a term of imprisonment, and filed an appeal, defendant's detention is mandatory. See 18 U.S.C. §§ 3142(f)(1)(B), (C), 3143(b)(2). An exception to mandatory detention exists pursuant to 18 U.S.C. § 3145(c). Under that provision, defendant must

> satisf[y] the two conditions set out in 18 U.S.C. § 3143(b)(1) and demonstrate[] that there are "exceptional reasons" why his detention is not appropriate. The two conditions in § 3143(b)(1) require the defendant to demonstrate that he is not likely to flee or pose a danger to others, and that his appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or a sentence less than time served plus the expected duration of the appeal process.

United States v. Al-Timimi, No. 1:04-CR-385 (LMB), 2020 WL 4810120, at *2 (E.D. Va. Aug. 18, 2020) (citations omitted), aff'd, No. 20-4441 (4th Cir. Aug. 31, 2020). Defendant has not met any of these requirements.

First, defendant has not shown that if he is released, he is not likely to flee or endanger others or the community, particularly given that U.S. Magistrate Judge Robert B. Jones, Jr. found the opposite when he ordered defendant detained pretrial. (See 8/30/19 Order, DE # 17, at 2.) Second, defendant offers nothing about the likely result of his appeal. Finally, defendant has not sufficiently shown exceptional reasons that support his release. While the court is sympathetic to defendant's need to care for his children and his health concerns, defendant has been in custody for more than a year. The COVID-19 pandemic has been going on for nearly half that time. The court recognizes "that the risk the COVID-19 pandemic presents to persons who are incarcerated may constitute an exceptional reason justifying release under § 3145(c)." Al-Timimi, 2020 WL 4810120, at *6. However, defendant has not come forward with any information about whether he has any underlying health conditions which might place him at a greater risk of severe illness if he contracts COVID-19, cf. id., and none are evident from the health information provided in his presentence report, (see DE # 61, ¶ 44).

Because defendant has not shown enough to overcome the requirement of detention, his

motion for release pending appeal is DENIED.

This 28 September 2020.

_____
W. Earl Britt
Senior U.S. District Judge